[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14523

_____

D.C. Docket No. 1:14-cr-00176-RWS-JSA-1

UNITED STATES OF AMERICA,

                                      Plaintiff - Appellee,

versus

TRAVIS SENTALL ROBINSON,
a.k.a. Triggaplay,
a.k.a. Trigga,

                                      Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2020)

Before WILSON and JILL PRYOR, Circuit Judges, and CORRIGAN,[*] District Judge.

---

[*] Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

Travis Robinson appeals his convictions for multiple sex trafficking violations, conspiracy, and obstructing enforcement.  Robinson's trial spanned over three weeks, during which the jury heard testimony from five victims regarding their experiences in Robinson's sex trafficking operation.  He was sentenced to 27 years of imprisonment followed by 5 years of supervised release, and he timely appealed, raising the following issues:

1. Did the trial judge err in denying Robinson's *Batson v. Kentucky*[1] challenges because the peremptory strikes at issue violated the Equal Protection Clause?

2. Did the trial judge err in denying Robinson's motion for a mistrial because the government, in its opening statement, told the jury that a co-defendant, Ladrigus Stuckey, had pled guilty and was awaiting sentencing?

3. Were Robinson's Fifth Amendment due process rights and his Sixth Amendment Confrontation Clause right violated when the trial judge permitted victim "D. A." to testify without first conducting a hearing to determine her competency to testify?

---

[1] 476 U.S. 79 (1986).

4. Did the trial judge err by admitting evidence of victims A.W.'s and K.G.'s sexual assaults and the alleged sexual assaults of other women while working for Robinson?

5. Did the trial judge err in excluding a videotape showing victim A.W. using drugs and discussing being "turned out" prior to meeting Robinson?

6. Did the trial judge err by giving the government's modified jury instructions and refusing to give Robinson's requested jury instructions?

7. Did the trial judge err in denying defense counsel's request that the government produce the contact information for A.G., a victim, whom the government did not call to testify at the trial?

8. Did the trial judge err in denying Robinson's motion for a new trial due to alleged *Brady v. Maryland*[2] and *Giglio v. United States*[3] violations because the government purportedly elicited false testimony from victim L.W., and failed to correct that testimony?

The Court has considered all of Robinson's specifications of error. After review and consideration of the briefs and the record, and having had the benefit of oral argument, we find no reversible error in the proceedings in the district court.

---

[2] 373 U.S. 83 (1963).
[3] 405 U.S. 150 (1972).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 13, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-14523-CC
Case Style: USA v. Travis Robinson
District Court Docket No: 1:14-cr-00176-RWS-JSA-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion