IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVIS SENTALL ROBINSON<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Action No.<br>1:14-CR-176-RWS (1)<br><br><br>Civil Action No.<br>1:21-CV-4730-RWS |

## ORDER

This case comes before the Court on the Magistrate Judge's Final Report and Recommendation [Dkt. 407], recommending that Movant Travis Sentall Robinson's 28 U.S.C. § 2255 motion to vacate be denied. Movant has filed his objections to the R&R [Dkt. 412].

## BACKGROUND

On February 1, 2016, a jury of this Court found Movant guilty of conspiracy to commit sex trafficking by force, threats, fraud and/or coercion; two counts of sex trafficking of a minor; five counts of sex trafficking by use of force, threats, fraud, and/or coercion; and two counts of obstruction. Briefly, the evidence at trial was sufficient for a jury to find that Movant, aided and abetted by others (1) used

violence and threats thereof to compel several women and one underage girl to engage in sex acts with customers and (2) committed obstruction by coaching witnesses to change their testimony.[1]

After rather protracted proceedings in which Movant challenged the Government's actions in relation to securing the testimony of a witness and the possible withholding of exculpatory evidence, the Court sentenced him to 324 months of incarceration to be followed by five years of supervised release. Movant appealed, and the Eleventh Circuit affirmed his convictions and sentences. United States v. Robinson, 812 F. App'x 969 (11th Cir. 2020).

Movant then filed the pending § 2255 motion raising five claims of ineffective assistance of trial and appellate counsel. In the R&R the Magistrate Judge reviewed Movant's claims on their merits. After identifying the correct standard to analyze claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Magistrate Judge determined that Movant is not entitled to relief and recommends that § 2255 relief be denied. In his objections, Movant challenges the Magistrate Judge's determinations regarding all five of his claims.

---

[1] The Magistrate Judge has provided an extensive discussion of the evidence presented at Movant's trial, [Dkt. 407 at 1-10], as well as the procedural history of this matter, [Dkt. 407 at 10-16]. The Court recounts that information only as needed here.

# DISCUSSION

**Ground 1**

Movant first asserts that the Magistrate Judge erred in concluding that he is not entitled to relief with respect to his Ground 1 claim that trial counsel was ineffective for failing to call victim A.G. to testify as a witness. By way of background, Count 9 of the superseding indictment charged Movant with trafficking A.G. by force in violation of 18 U.S.C. § 1591, and A.G. was also named as a victim in the Count 1 conspiracy charge.[2] The Government did not call A.G. as a witness but relied on other evidence to show that Movant trafficked her. Trial counsel considered calling A.G. as a witness and sought A.G.'s contact information, but the Government, which had that information, refused to provide it unless ordered to do so by the Court. Movant contends that trial counsel should have sought a court order compelling the Government to provide A.G.'s contact information and should have called A.G. to testify because A.G. would have provided the exculpatory testimony that she was not forced to engage in prostitution, that Movant had helped her get off drugs, and that, contrary to other testimony, Movant did not force the women to use drugs. Movant further asserts

---

[2] Movant was found guilty of Count 9 but was acquitted of the portion of Count 1 that related to A.G.

that A.G. would have testified that she was in a relationship with Movant, that any violence between them was domestic in nature and not related to prostitution, and that the injuries that a police officer testified about were caused by someone else.

The Government did not want to give A.G.'s contact information to defense counsel because she was, at the time of the trial, in a residential rehabilitation program and had just had a baby, and "[l]eaving the program for any period of time would compromise her progress." [Dkt. 274 at 120]. Movant's trial counsel was aware of the Government's reasoning and never sought a court order.

The Magistrate Judge concluded that Movant had failed to demonstrate deficient performance because trial counsel had a reasonable strategic reason for not calling A.G. because A.G. was not called as a witness by the Government and the other evidence of Movant's claims relating to A.G. was scant. The Magistrate Judge further noted that, even though A.G. might have provided exculpatory testimony for Movant, that testimony would have been contrary to A.G.'s statements to law enforcement officials that were consistent with the other witnesses' testimony against Movant, and the Government would have used those earlier statements to impeach her trial testimony.[3]

---

[3] Indeed, A.G. had earlier described one particularly brutal attack that Movant had committed against her where, after she tried to leave with another pimp, he beat her,

4

The Magistrate Judge further noted that A.G.'s testimony might not have been helpful to Movant in any event. As the Eleventh Circuit has noted, it is a common tactic of sex traffickers to convince a woman that they are in a relationship to manipulate them. United States v. Williams, 5 F.4th 1295, 1299 (11th Cir. 2021) (describing "a frequent tactic of sex traffickers; a 'Romeo trafficker' encourages his victims to become emotionally dependent on him and to cultivate loyalty . . . so that he can manipulate them into getting involved in prostitution."). As a result, the Magistrate Judge further concluded that Movant cannot establish prejudice under Strickland because it is not reasonably probable that, had A.G.'s testified, the outcome of the trial would have been different.

Contrary to Movant's argument in his objections, it is abundantly clear that trial counsel made an active decision not to seek A.G.'s testimony. During a discussion in Movant's trial outside the presence of the jury regarding whether a Government witness, Danny Hicks, could testify about A.G.'s hearsay statements under the excited utterance exception, trial counsel noted that the Government had contact information for A.G. but would not give that information to the defense absent a court order [Dkt. 274 at 119]. The Government then revealed that A.G.

---

stuck her head in a toilet, caused her to lose consciousness, and when she reawakened, he was still beating her. [Dkt. 348 at 28-30].

was in a rehab facility, and it was in her best interests not to be disturbed [id. at 119-20]. Trial counsel noted that she was sympathetic to A.G.'s plight and did not request that the Court order the Government to turn over the contact information. Counsel also argued that, because A.G. was not available, that A.G.'s hearsay statements should not be admitted and further, that the Government should dismiss the counts relating to A.G. [id. at 121].

The Court ultimately ruled that Danny Hicks' testimony regarding A.G.'s hearsay statements qualified under the excited utterance exclusion but further noted that its

> concern, however, is under 403, in terms of the prejudicial effect of it, especially if the defense is unable to make further inquiry on it with [A.G.] not testifying. For that reason, it would be my order that it would be inadmissible unless the government makes the contact information available to the defense so that they might subpoena [A.G.] if they wish to. If the government does that, then I will allow it as an excited utterance; if not, then it would not be admissible.

[Dkt. 275 at 3].

The Government never called Danny Hicks to testify, trial counsel never sought a court order for A.G.'s contact information, and absent Hicks' testimony, the evidence supporting the counts related to A.G. presented by the Government was not strong. Indeed, one of Movant's lawyers noted his surprise that the jury found Movant guilty of Count 9 [Dkt. 328 at 93].

In evaluating claims of ineffective assistance, "[t]here is a strong presumption that trial counsel's conduct is the result of trial strategy." Sinclair v. Wainwright, 814 F.2d 1516, 1519 (11th Cir. 1987).  As the Court noted during Movant's motion for a new trial proceedings, "[i]t is likely that the defense team's decision not to pursue such a court order was a strategy decision because without [A.G.'s] testimony, the defense team may have believed there was a stronger chance of defeating the charges related to A.G." [Dkt. 339 at 14].  While one of Movant's trial lawyers, Ms. Hashimi, testified during the same proceedings that she "thought [A.G.] would be a favorable witness and [she] wanted her called" [Dkt. 328 at 115], Ms. Hashimi also repeatedly noted in her testimony that she understandably did not clearly remember what had happened at the trial two years prior to the hearing [e.g., id. at 108, 111, 113, 119, 121, 135].  The context of Ms. Hashimi's statement that she wanted to call A.G. to testify was after she had seen the defense investigator's report on his conversation with A.G. which occurred a "while before trial" [id. at 119].  Ms. Hashimi did not discuss whether she still would have wanted to call A.G. to testify after the Court's ruling regarding Danny Hicks' proposed testimony.  Indeed, from her testimony, it appears that Ms. Hashimi might not have remembered the Court's ruling regarding Hicks' testimony at the time she testified at the motion for a new trial hearing [id. at 122].

Having reviewed the entire record in context, the Court concludes that Movant has not overcome the strong presumption that trial counsel made a reasonable strategic choice not to call Petitioner. Sinclair, 814 F.2d at 1519. By not calling A.G. to testify, counsel was able to prevent the Government from calling a witness that they clearly wanted to exclude. As noted, the evidence that the Government did present regarding A.G. was not strong and presenting A.G.'s testimony would have enabled the Government to introduce more evidence while risking that A.G.'s testimony might not be as positive for Movant as they believed. There was also the very real risk that the Government would be able introduce A.G.'s prior statement to police about the brutal attack described in the margin above and the possibility that the Government would be able to elicit testimony that trial counsel had compromised A.G.'s wellbeing by forcing her leave rehab to testify, a fact that the jury would view unfavorably.

The Court further credits the Magistrate Judge's conclusion that Movant has not met Strickland's prejudice prong. While A.G. could have testified that she willingly engaged in prostitution on Movant's behalf, her testimony was clearly contrary to her prior statements to police, and the Government could have also impeached her testimony based on the fact that sex traffickers frequently employ manipulative tactics to get what they want from their victims, whether that be

serving as a prostitute or providing favorable testimony. Williams, 5 F.4th 1295, 1299. In sum, Movant has failed to demonstrate that the Magistrate Judge erred in concluding that Movant is not entitled to relief with respect to his Ground 1.

**Ground 2**

In his Ground 2, Movant contends that trial counsel was ineffective for failing to request a "missing witness" instruction regarding A.G. See United States v. Raphael, 487 F. App'x 490, 500 (11th Cir. 2012) ("Under the missing witness instruction rule, '[i]f it is particularly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case,' then failure to call that witness permits an inference that the testimony would have been unfavorable to the party who refused to call the witness.") (citations omitted). The Magistrate Judge determined that Movant did not show that the requirements for a missing witness instruction had been met, and counsel was thus not ineffective for failing to seek one.

Movant disagrees with the Magistrate Judge. However, before this Court would have given such an instruction, trial counsel would first have to at least request a court order requiring the Government to produce A.G.'s contact information. If after that request the Government had prevented A.G. from testifying, the Court might have considered giving such an instruction. United

States v. Palmere, 578 F.2d 105, 107 (5th Cir. 1978) (holding that when defense had opportunity to call witness, instruction not required).  Movant's trial counsel knew they could have sought a court order directing the Government to provide contact information for A.G., and, as determined above, their decision not to do so was a strategic decision.

**Ground 3**

The record indicates that the Government seized several cellular telephones from Movant when he was arrested.  In his Ground 3, Movant contends that trial counsel was ineffective in failing to obtain and present evidence from one of those phones (the "New Orleans" phone).  The Magistrate Judge determined that trial counsel worked extensively to obtain all of the relevant information contained on all of Movant's seized phones, and when those efforts were not successful, counsel "obtained text messages and other communications between Movant and the victims from some of the victims' phones, and meticulously used those communications—as well as social media posts, messages, and photographs—during cross-examination of the victims in support of Movant's theory that the victims willingly engaged in prostitution" [Dkt. 407 at 31].  As a result, the Magistrate Judge determined that any evidence that trial counsel could have retrieved from the New Orleans phone would have been cumulative of the

evidence that trial counsel already had such that Movant could not establish prejudice.  Turner v. Crosby, 339 F.3d 1247, 1277 (11th Cir. 2003).

In his objections, Movant argues that the evidence would not have been cumulative because he began using the New Orleans phone well before the other phones that were seized by the Government.  However, Movant neglects to account for the fact that much of the evidence that trial counsel obtained came from the victim's phones, and he has not shown that messages from the New Orleans phone were not included in the messages that trial counsel extracted from the victim's phones.  Moreover, the Court disagrees with Movant's contention that the Magistrate Judge's characterization of cumulative evidence is too broad. Cumulative evidence in the context of evaluating a claim of ineffective assistance of counsel is evidence that tends to support the same finding as other evidence presented at trial.  E.g., Lee v. Commr., Ala. Dept. of Corr., 726 F.3d 1172, 1195 (11th Cir. 2013) (mitigation evidence in a death penalty trial that petitioner sniffed gasoline at a young age was cumulative to evidence that he smoked marijuana and drank alcohol).  Even though the potential evidence on the New Orleans phone might have provided "more details, or different examples," of the evidence that trial counsel presented to demonstrate that Movant did not force the women into

prostitution, that evidence was nonetheless cumulative. Robinson v. Moore, 300 F.3d 1320, 1347 (11th Cir. 2002).

Moreover, Movant's current counsel now has the New Orleans phone, and it is "irreparably damaged" [Dkt. 405 at 9]. The record indicates that no data was ever extracted from that phone, and the only information available regarding what was on the phone is Movant's self-serving affidavit in which he details all of the exculpatory messages that he claims could have been found on the phone. However, Movant does not claim that the New Orleans phone contained no inculpatory evidence.[4] Given these circumstances, it is evident that Movant's contention of prejudice related to trial counsel's failure to obtain information from the New Orleans phone is speculative. While Movant contends in his affidavit that the phone was "not damaged" at the time of his arrest, [Dkt. 406 at 1], he cannot establish that trial counsel or law enforcement officials would have ever been able to extract usable information from it. Presumably, law enforcement officials would have attempted to extract information from the phone, and, notwithstanding Movant's unsubstantiated prior claims of Brady violations, any exculpatory

---

[4] In response to Movant's arguments to the contrary, under California v. Trombetta, 467 U.S. 479, 488 (1984), absent a showing that law enforcement officials purposely damaged the phone to thwart the defense, Movant cannot demonstrate a due process violation.

12

information found would have been turned over to the defense. Movant also has not shown that trial counsel would have had any better success in accessing data on the phone than the Government.

It thus appears that the only way the information on the phone could have been related to the jury was if Movant testified, and there is no indication that he would have waived his rights and done so. Accordingly, the Court agrees that Movant cannot show prejudice to establish his Ground 3 ineffective assistance claim.

**Ground 4**

In Ground 4, Movant contends that trial counsel should have objected to an FBI agent's testimony that he "was contacted by patrol units in reference to a female who basically stated that she was afraid and being abused and she was scared to leave her room" [Dkt. 273 at 176]. Movant contends that trial counsel should have sought to exclude the testimony on hearsay and Confrontation Clause grounds.

This claim relates again to A.G. and Danny Hicks, A.G.'s former foster parent. A.G. had called Hicks from her hotel room in apparent distress, Hicks called the police, the police went to the hotel room and then contacted the FBI Agent, Darryl Nelson, who went to the room and talked to A.G. Again, the

evidence against Movant regarding his crimes against A.G. was thin, and Movant contends that trial counsel should have challenged the testimony.

The Magistrate Judge determined that, because the statements regarding A.G. were in relation to a 911 call, they were not testimonial under Davis v. Washington, 547 U.S. 813, 822 (2006), and thus did not violate the Confrontation Clause. The Magistrate Judge further determined that the statements possibly fell under one or two exceptions to the hearsay rule and also could have been admissible to explain Agent Nelson's reason for going to the hotel to see A.G., such that a reasonable, competent attorney could have believed that the statement was admissible. Finally, the Magistrate Judge determined that Movant cannot demonstrate prejudice because another witness testified that she saw A.G. in the hotel room, and A.G. was visibly injured. As a result, the exclusion of Agent Nelson's challenged testimony does not indicate a reasonable probability that the outcome of Movant's trial would have been different.

At the outset, the Court notes that Movant's contention in his objections that this Court raised Confrontation Clause concerns regarding Hicks' proposed testimony is incorrect. Rather, the Court's concerns centered on Fed. R. Evid. 403 and whether the testimony was prejudicial to Movant in the absence of A.G.'s testimony. [Dkt. 275 at 3]. In fact, the Court concluded that Hick's proposed

14

testimony regarding A.G.'s statements was admissible as an excited utterance. [Id.]. Moreover, the record does not clearly support Movant's speculative chain of events—the supposed "game of telephone"—where A.G. talked to Hicks, Hicks talked to a police officer, and the officer talked to Agent Nelson. [Dkt. 412 at 13]. Instead, Nelson testified that a patrol officer was in the room with A.G. when he arrived, and a reasonable interpretation of the evidence is that the patrol officer talked to A.G. and then called Agent Nelson to summon him to the scene. Moreover, Movant's arguments in his objections regarding whether the jury would have attributed A.G.'s injuries to Movant miss the mark. Agent Nelson's testimony that he went to the hotel and saw that A.G. had certain injuries was clearly admissible, and even if this Court had sustained an objection to the testimony regarding why Agent Nelson went to the hotel, he nonetheless would have been permitted to describe what he saw. In addition, as the Magistrate Judge noted, another witness testified about A.G.'s injuries. Put another way, this Court concludes that its confidence in the outcome of Movant's trial is not undermined by the fact that Agent Nelson's testimony that A.G. was afraid to leave her hotel room was not suppressed, and Movant has thus failed to show prejudice under Strickland.

**Ground 5**

In his Ground 5, Movant contends that his appellate counsel was ineffective for failing to argue that the evidence was insufficient to support his Count 10 conviction for knowingly obstructing the enforcement of federal sex trafficking laws in violation of 18 U.S.C. §1591(d).  At trial, the Government presented evidence that Movant coached A.W. to alter her testimony from the statement that she gave to the Louisiana State Police.  Movant contends that, under Pettibone v. United States, 148 U.S. 197 (1893), because he was unaware of a federal investigation at the time that he coached A.W., he could not have knowingly obstructed the enforcement of a federal statute.  However, this Court ruled on this issue in response to trial counsel's Rule 29 motion regarding Count 10, [Dkt. 281 at 85-86], and Movant has not explained how this Court erred in doing so.  Moreover, the Court agrees with the Magistrate Judge's analysis, particularly in light of the Eleventh Circuit's holding in United States v. Fontenot, 611 F.3d 734, 736 (11th Cir. 2010); see [Dkt. 407 at 42].  The fact of the matter is that the evidence was sufficient to demonstrate that Movant knew he was obstructing by coaching a witness to change her testimony, and there was an ongoing federal investigation at the time.  Under the case law, that is all that is required, and Movant's Ground 5 fails.

## CONCLUSION

Having reviewed the record in light of Movant's objections, the Court concludes that the Magistrate Judge is correct. Accordingly, R&R [Dkt. 407] is **ADOPTED** as the order of this Court, and the pending 28 U.S.C. § 2255 motion to vacate [Dkt. 391] is **DENIED**. Because it is clear that the issue raised in Movant's motion for return of property has been resolved, that motion [Dkt. 396] is **DENIED** as moot.

The Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right," and a certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close Civil Action Number 1:21-CV-4730-RWS.

**SO ORDERED** this 23rd day of February, 2023.

_____
**RICHARD W. STORY**
United States District Judge